```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
                                                    ELECTRONICALLY FILED
-------------------------------------------------X  DOC #:
                                                :   DATE FILED: 12/6/21
 ORLANDO PERALTA,                               :
                            Petitioner,         :
                                                :       21-CV-349 (VEC)
               -against-                        :       19-CR-135 (VEC)
                                                :
 UNITED STATES OF AMERICA,                      :     AMENDED OPINION &
                            Respondent.         :          ORDER
                                                :
-------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge

Petitioner Orlando Peralta, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Pet., Dkt. 40.[1] On February 22, 2019, Petitioner pled guilty to one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951. Plea Tr. at 19, Dkt. 14. On June 21, 2019, this Court sentenced Petitioner to 33 months' imprisonment followed by three years of supervised release. Judgment, Dkt. 23. On January 14, 2021, Petitioner filed this Section 2255 petition (the "Petition"), seeking to vacate his plea, conviction, and sentence because: (1) of ineffective assistance of counsel; (2) his plea was entered unknowingly in violation of the Fifth and Sixth Amendments; (3) the guidelines statute is unconstitutional; and (4) of unspecified violations of his equal protection rights. Upon careful review of Petitioner's arguments and the record, the Court finds that Petitioner's claims lack merit. Accordingly, the Petition is DENIED.

## BACKGROUND

Over the course of several meetings in September 2018, Petitioner helped plan an armed robbery of drug dealers in Manhattan. Pet. Mem. at 4, Dkt. 40. The intended targets of the

---

[1] All citations to the docket refer to Docket No. 19-CR-135.

robbery were believed to be transporting several kilograms of either cocaine or heroin through Manhattan by car. *Id.* During the planning, Petitioner demonstrated his experience with armed robbery by asking questions about whether the drugs would be in a "trap" (hidden compartment) and whether the targets would be armed. *Id.* Petitioner was also very clear that he was not afraid to fire a gun if needed. *Id.*

On February 22, 2019, Petitioner waived indictment and pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. *Id.* Before accepting Petitioner's guilty plea, the Court questioned Mr. Peralta at length under oath to confirm that he was waiving indictment and pleading guilty knowingly and voluntarily. *See generally* Plea Tr., Dkt. 14. Petitioner affirmed that he had read the waiver of indictment with his attorney, understood it, and signed it willingly. *Id.* at 5–7. Further, Petitioner affirmed that he had reviewed the plea agreement with his attorney and that he understood its contents and consequences. *Id.* at 15–17. Specifically, Petitioner affirmed his understanding that he was waiving his right to appeal his sentence unless it was longer than 42 months. *Id.* at 17. Petitioner also affirmed that he understood the elements of the offense and the fact that, if the case proceeded to trial, the Government would have to prove each element beyond a reasonable doubt. *Id.* at 10–11. After evaluating Petitioner's answers to the Court's questions and observing his demeanor, the Court found that Mr. Peralta was pleading guilty knowingly and voluntarily and that he understood the consequences of his plea. *Id.* at 20. Accordingly, the Court accepted Mr. Peralta's guilty plea. *Id.*

At his June 21, 2019 sentencing hearing, in calculating Petitioner's adjusted offense level under the U.S. Sentencing Guidelines, the Court considered the base offense level for robbery, U.S. Sent'g Guidelines § 2B3.1(a), the fact that obtaining controlled substances was the goal of

the robbery, *id.* at § 2B3.1(b)(6), and the fact that Petitioner pled guilty early and accepted responsibility for his criminal conduct, *id.* at § 3E1.1. Sent. Tr. at 5, Dkt. 25. That calculation, which matched the calculation to which Petitioner stipulated in the plea agreement, resulted in an adjusted offense level of 18. *Id.* Based on Petitioner's prior offenses, the Court found his criminal history category to be III. *Id.* at 5–6. Offense level 18, criminal history category III yields a guideline range of 33 to 41 months. *Id.* at 6. The Court sentenced Petitioner to 33 months' incarceration and three years of supervised release. *See* Judgment, Dkt. 23. Petitioner was released from prison on June 15, 2021 and is currently on supervised release.[2]

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pet., Dkt. 40. The Government argues that Petitioner's motion should be denied in its entirety. *See generally* Gov't Opp., Dkt. 42. Petitioner did not file a reply to the Government's memorandum in opposition.

## DISCUSSION

### I. Legal Framework

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). When a petitioner brings a § 2255 petition *pro se*, the Court must construe the submission liberally and interpret it to "raise the strongest arguments

---

[2] Although Petitioner is no longer imprisoned, this Petition is not moot as Petitioner is still on supervised release. *Scanio v. United States*, 420 F. App'x 28, 29 (2d Cir. 2011) ("A petitioner under supervised release may be considered in custody for purposes of pursuing an application for a writ of habeas corpus.") (cleaned up).

that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

> II. **Trial Counsel Was Not Ineffective for Failing to Argue That Hobbs Act Robbery Is Not a Crime of Violence**

A claim for ineffective assistance of counsel will be granted only if a petitioner can show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms *and* that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). This two-prong test is difficult to satisfy. *See United States v. Shi Hui Sun*, No. 09-CR-778, 2013 WL 1947282, at *4 (S.D.N.Y. May 8, 2013) ("[Ineffective assistance of counsel] is a difficult showing to make, as courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective assistance in any given case . . . .") (cleaned up). A petitioner cannot prevail on a claim of ineffective assistance of counsel "merely because in hindsight he thinks [his] counsel's trial strategy was inadequate." *United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

To satisfy the second prong of the *Strickland* inquiry, a petitioner must prove prejudice by showing "that there is a 'reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 694). In making this determination, the Court must consider the

totality of the arguments presented to the court. *Strickland*, 466 U.S. at 695. "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700 (emphasis added).

Petitioner's ineffective assistance of counsel claim primarily turns on his counsel's approach to sentencing.[3] Petitioner relies heavily on *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), to support the proposition that Hobbs Act robbery is not a crime of violence, and therefore the guideline range that the Court applied was incorrect. Pet. Mem. at 5. As a Tenth Circuit case, *United States v. O'Connor* is not controlling on this Court. Moreover, Petitioner pled guilty to *conspiracy* to commit robbery, not robbery. Plea Tr. at 7. The Second Circuit has held, however, that conspiracy to commit robbery is not categorically a crime of violence. *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)). Although *Barrett* does get to the same point as the case law on which Petitioner relies, it is irrelevant to this case.

Whether a particular crime is a "crime of violence" can play a part in determining whether a defendant is a career offender. *See* U.S. Sent'g Guidelines § 4B1.1. Petitioner was not, however, sentenced as a career offender. Because the question of whether conspiracy to violate the Hobbs Act is a crime of violence was not relevant to the determination of Petitioner's sentence, even if the first prong of *Strickland* had been met (and it was not), Petitioner would not be able to sustain the "heavy burden" of meeting the prejudice prong. *See United States v. Cohen*, 427 F.3d 164, 171 (2d Cir. 2005) (citation omitted). Accordingly, because Petitioner has

---

[3] Petitioner also claims ineffective assistance of counsel because of his attorney's failure to object to the jury charge. Pet. at 9. The proceedings never reached trial, and Petitioner does not further explain this claim in his memorandum. Because there was no jury charge to which counsel could have objected, this claim is nonsensical.

5

demonstrated neither deficient performance nor prejudice, his claim for ineffective assistance of counsel is without merit.

### III. Petitioner Entered His Plea Knowingly

Petitioner next argues that he entered his guilty plea unknowingly in violation of his Fifth and Sixth Amendment rights. Pet. Mem. at 2. Petitioner claims that he was not fully informed as to the "knowingly" element of the crime with which he was charged. *Id.* at 3; *see also* Fed. R. Crim. P. 11(b)(1)(G) (detailing the requirement that the court explain and ensure that a defendant fully understands "the nature of each charge to which the defendant is pleading"). In support of this contention, Petitioner cites *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* involved 18 U.S.C. § 922(g), a federal statute barring possession of firearms by certain individuals. *Id.* at 2194. The statute sets "knowingly" as the *mens rea* for the crime. *Id.* (citing 18 U.S.C. § 924(a)(2)). The Supreme Court held that "knowingly" applied both to the defendant's conduct (possession of a firearm) and to the defendant's status (being one of the certain individuals prohibited from possessing a firearm). *Id.* The Supreme Court's holding was limited in that it only applied to that specific statute in mandating that "knowingly" applied to multiple factors. Accordingly, that holding is not relevant to Petitioner's case. All the same, the Court recognizes the importance of Petitioner having been fully aware of the *mens rea* requirement of the crime to which he pled guilty.

Petitioner's claim that he entered his guilty plea unaware that the Government would have had to prove at trial that he acted knowingly is belied by his statements at his plea hearing. At the plea hearing, the Government fully explained the charges against Petitioner. Plea Tr. at 10–11 (the Government specified that one of the elements of the crime was "that the [Petitioner] *knowingly* became a member of the conspiracy") (emphasis added). The Court then explained to

Petitioner that if he did not plead guilty, "the Government would have to prove each element . . . beyond a reasonable doubt." *Id.* at 11. The Court subsequently asked if Petitioner understood, and Petitioner answered in the affirmative. *Id.* Finally, the Court asked if Petitioner was "pleading guilty voluntarily and of [his] own free will," and Petitioner responded in the affirmative. *Id.* at 19. As Petitioner indicated that he fully understood the nature of the charge, the elements of the charge, and what the Government would need to prove at trial, Petitioner's plea was entered knowingly.

### IV.     The Sentencing Guidelines as Applied Post-*Booker* Are Constitutional

Petitioner argues that "his Guideline Statute that he was sentenced to is unconstitutional." Pet. Mem. at 2. While Petitioner does not make clear the basis for his constitutional challenge, the Court will interpret his submission to be arguing that the Guidelines violate the Sixth and Eighth Amendments. Both challenges fail.

The Supreme Court in *United States v. Booker,* 543 U.S. 220, 245 (2005), held that if the Sentencing Guidelines were mandatory, they would violate the Sixth Amendment right to a jury trial. Since *Booker*, then, the Guidelines have been advisory; the sentencing court must consider Guidelines ranges but is not required to follow them. *United States v. Carr*, 557 F.3d 93, 103 (2d Cir. 2009) ("Although a district court, in the wake of *Booker* and its progeny, is not required to impose the now-advisory Guidelines-recommended sentence, the court is nonetheless normally required to calculate the sentencing range that the Guidelines recommend.") (citations omitted). At Petitioner's sentencing, the Court specifically stated that it "ha[d] considered the guidelines." Sent. Tr. at 14. The Court did not simply apply the guidelines, instead considering them among the other factors set out in 18 U.S.C. § 3553(a). Accordingly, Petitioner's Sixth Amendment rights were not violated.

Even a very long prison sentence (33 months for conspiracy to commit robbery does not constitute a "long" prison sentence) does not violate the Eighth Amendment prohibition against cruel and unusual punishment when it is "based on a proper application of the Sentencing Guidelines." *United States v. Kopp*, 712 F. App'x 117, 119 (2d Cir. 2018) (citation and internal quotation marks omitted). As discussed above, the Sentencing Guidelines were properly calculated when determining Petitioner's Sentence. Further, when using proportionality to assess whether a sentence is cruel and unusual, courts should "compare the gravity of the offense and the severity of the sentence" and then "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction." *United States v. Waite*, 12 F.4th 204, 213 (2d Cir. 2021) (cleaned up). In determining Petitioner's sentence, the Court specifically considered Petitioner's relative culpability in comparison with his co-defendants. Sent. Tr. at 14. Additionally, the Court imposed a sentence at the bottom of the Guidelines range. Accordingly, the Guidelines as applied to Petitioner are not an unconstitutional violation of the Eighth Amendment.

### V.     Petitioner's Information Was Constitutional

Petitioner also claims that his indictment[4] was a violation of his equal protection rights in determining whom to refer for prosecution.[5] Pet. Mem. at 7. To support this contention, Petitioner cites distinguishable case law out of the Northern District of Illinois. *United States v. Brown*, 299 F. Supp. 3d 976 (N.D. Ill. 2018).[6] As Petitioner has not offered any evidence or data

---

[4]     As noted above, Petitioner waived indictment and pled to an information. He was never indicted.

[5]     Petitioner lists this as his First Amendment equal protection right; the Court presumes that Petitioner intended to refer to the Fifth Amendment.

[6]     That case concerned allegations of law enforcement wrongfully targeting Black Americans with discriminatory intent. *United States v. Brown*, 299 F. Supp. 3d 976, 983–84 (N.D. Ill. 2018). The defendant in that case offered various statistics to support his contention that there was a pattern of discriminatory enforcement

to support the contention that discriminatory intent played any role in his case, instead merely offering the conclusory statement that "his indictment should be dismissed for violation of [Fifth] Amendment rights," Pet. Mem. at 7, the Court concludes that Petitioner has not successfully demonstrated a violation of his equal protection rights.

## CONCLUSION

For the foregoing reasons, Mr. Peralta's petition is DENIED. The Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

The Clerk of Court is respectfully directed to terminate the open motion at No. 19-CR-135, Dkt. 40, and to close the case at No. 21-CV-349. The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Peralta. This order amends the opinion and order at No. 19-CR-135, Dkt. 45, and No. 21-CV-349, Dkt. 5.

**SO ORDERED.**

Date:  December 6, 2021                          **VALERIE CAPRONI**
          New York, NY                          **United States District Judge**

---

related to the specific circumstances of his case. *Id.* The court nonetheless found that the evidence compiled by the defendant was not sufficient to prove any racial animus on the part of law enforcement. *Id.* at 1022.